```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ABDIEL F. AVILA,                  :
                                  :     Civil Action No. 07-3387(NLH)
            Petitioner,           :
                                  :
      v.                          :     OPINION
                                  :
STATE OF NEW JERSEY,              :
                                  :
            Respondent.           :
```

**APPEARANCES**:

    ABDIEL F. AVILA, Petitioner pro se
    # 175896
    Camden County Correctional Facility
    330 Federal Street
    Camden, New Jersey 08103

**HILLMAN**, District Judge

This matter is before the Court on petitioner Abdiel F. Avila's petition for habeas corpus relief under 28 U.S.C. § 2254. For the reasons set forth below, the petition will be dismissed without prejudice.

## I. BACKGROUND

According to the allegations contained in the petition, petitioner, Abdiel F. Avila ("Avila"), is presently confined at the Camden County Correctional Facility in Camden, New Jersey, awaiting adjudication of state criminal charges against him. Avila has been charged with two counts of aggravated sexual assault and two counts of endangering the welfare of a minor. He entered a plea of "not guilty" at his arraignment hearing on December 4, 2006.

Avila was arrested on the above-referenced charges on June 30, 2006, and has remained in custody since that time.  A trial date has been scheduled for October 15, 2007.  Avila asserts that the delay in his trial proceedings constitutes a violation of the Speedy Trial Act, and deprives him of due process.[1]  In addition to the federal constitutional claim, Avila further asserts that the delay in his trial violates international law under the "International Covenant on Civil & Political Rights," the "International Convention on the Elimination of All Forms of Racial Discrimination," and the Geneva Convention.  He also states that his rights are being violated under state law, namely, the New Jersey State Constitution.

Avila alleges that he has filed petitions, motions and requests for documents through his retained counsel, but the state court judge has denied all these attempts by Avila unless they are filed by counsel.  Avila now seeks by this action to void his trial scheduled for October 15, 2007, and release him from custody because he has been exposed to punishment before any adjudication of guilt or sentencing through prosecutorial misconduct, double jeopardy, and violations of his right to a speedy trial.

---

[1] Avila states that he has had hearings scheduled on December 4, 2006 (his arraignment hearing); January 16, 2007; February 13, 2007; March 19, 2007; April 9, 2007; April 30, 2007; May 7, 2007; June 22, 2007; and June 27, 2007.  He has a pending hearing on September 14, 2007.

## II. ANALYSIS

A. Standards for Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Avila brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B. Jurisdiction

Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding

3

lies under 28 U.S.C. § 2241(c)(3).  See <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973); <u>Moore v. DeYoung</u>, 515 F.2d 437, 442, 443 (3d Cir. 1975).  To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the person be "in custody," and (2) the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); <u>see also</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 8.1 (4th ed. 2001).  Although Avila may be sufficiently "in custody" at this time to attack the New Jersey charges against him, it is clear that habeas relief is not warranted.  In other words, while Avila may meet the status requirement, he cannot sustain the substance requirement that would entitle him to habeas relief under § 2241(c)(3).

C. <u>Exhaustion Analysis</u>

Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism."  <u>Moore v. DeYoung</u>, 515 F.2d at 442.  Nevertheless, while this Court has jurisdiction under § 2241 to entertain Avila's pretrial habeas petition, relief is not warranted where

4

"federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to state criminal charges prior to a judgment of conviction by a state court."  Braden, 410 U.S. at 489 (quoting Ex Parte Royall, 117 U.S. 241, 253 (1886)).

In Moore v. DeYoung, supra, a New Jersey pretrial detainee filed a habeas petition in this federal district court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings, similar to Avila's petition in the instant case. The district court granted pretrial habeas relief, however, the United States Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the New Jersey courts, and the alleged denial of a speedy trial is not an extraordinary circumstance warranting pretrial habeas relief. Moore, 515 F.2d at 447. As to exhaustion, the Court of Appeals found that:

> Moore did not exhaust his state court remedies prior to application for federal habeas corpus relief. This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review. Indeed, the trial court expressly recognized that additional evidence as to prejudice on the issue of delay could be adduced at trial.

Id. at 445.

The Court of Appeals expressly rejected the petitioner's argument that the constitutional right to a speedy trial is an

5

extraordinary circumstance which bars not only a conviction for the underlying offense but a trial for that offense, finding that

> From the premise that he has a right not to stand trial, Moore proceeds to the conclusion that, to avoid the threatening state trial, there must be some pre-trial forum (if not a state forum, then a federal forum) to test the merits of his constitutional claim.  Otherwise, he argues, he would be required to undergo the rigors of trial to vindicate his claim that the state court can no longer bring him to trial. ...
>
> We are not prepared to hold that either the chronology of events leading to this prosecution or the alleged denial of Moore's right to a speedy trial, constitutes such "extraordinary circumstances" as to require federal intervention prior to exhaustion of state court remedies.  We perceive nothing in the nature of the speedy trial right to qualify it as a per se "extraordinary circumstance."  We know of no authority, either pre- or post-<u>Braden</u>, <u>supra</u>, that excepts or singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispense with the exhaustion requirement.  To the contrary, the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts.

<u>Id</u>. at 446.

The Court of Appeals accordingly reversed the order granting pretrial relief to Moore.  "Moore having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition." <u>Id</u>. at 447.

Here, Avila argues that the State of New Jersey has violated his Speedy Trial rights under the United States Constitution by

failing to bring him to trial in a timely manner, as well as his right to due process and equal protection under the Fourteenth Amendment.[2]  The Sixth Amendment of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ..."  U.S. Const. amend. VI.  However, the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."  United States v. MacDonald, 435 U.S. 850, 861 (1978).

This Court need not determine whether the State of New Jersey violated the Fourteenth Amendment or the Sixth Amendment Speedy Trial Clause because Avila has not exhausted any of these claims before the New Jersey courts.  While he may have attempted to file motions or other petitions in his state criminal trial proceeding, he has not exhausted the merits of his speedy trial and due process claims before the New Jersey Appellate Division

---

[2]  Avila also asserts violation of a state speedy trial provision, as well as generally asserting violation of his rights under foreign treaties that are inapplicable to him because he does not claim to be an alien or non-citizen of the United States.  As to the state speedy trial provision, a state's misapplication of its own law does not generally raise a constitutional claim.  See Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997).  Finally, Avila alleges other various and sundry claims of ineffective assistance of counsel and illegal search and seizure claims that clearly have not been presented, let alone exhausted, in his pending state criminal proceeding.

or New Jersey Supreme Court.  As the Court of Appeals explained in Moore,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

   Therefore, because Avila has failed to exhaust his speedy trial and due process claims before the New Jersey state courts, habeas relief is not warranted under § 2241 on these grounds, and the petition will be dismissed without prejudice.[3]

---

[3] Likewise, Avila's other claims asserting illegal search and seizure and ineffective assistance of counsel, etc., have not been exhausted in the state courts of New Jersey, and Avila has not demonstrated that there is an absence of available state corrective processes.  See 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001). Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified

Case 1:07-cv-03387-NLH   Document 2   Filed 09/06/07   Page 9 of 10 PageID: 91

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.[4] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the

---

at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996). The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

[4] Avila's petition was initially characterized as a habeas petition under 28 U.S.C. § 2254, but because Avila was seeking pretrial habeas relief it is more appropriately recharacterized as a habeas petition under 28 U.S.C. § 2241(c)(3). Nevertheless, a certificate of appealability is still required because the final order in this habeas proceeding denies relief from a "detention complained of aris[ing] out of process issued by a State Court." 28 U.S.C. § 2253(c)(1)(A).

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## IV.  CONCLUSION

For the foregoing reasons, this Court finds that Avila has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss this habeas petition without prejudice.

No certificate of appealability will issue, insofar as Avila has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


 s/Noel L. Hillman
 NOEL L. HILLMAN
 United States District Judge

DATED: September 6, 2007

At Camden, New Jersey

10